## No. 6883.

SUCCESSION OF MATILDA BROWN.   ON RULE UPON L. C. CENTLIVRE.

Married women may act as agents for strangers, and for their husbands as well. A sale of a piece of community property, made by the wife as attorney in fact of her husband, conveys a good title.

APPEAL from the Second District Court of New Orleans.   TISSOT, J.

*Braughn, Buck & Dinkelspiel* for Plaintiff in rule.    *Louque* and *Fernandez* for Defendant Appellant.

Mrs. Centlivre bought two improved lots at the succession sale of Matilda Brown, and refused to comply with the terms, on the ground that the lots formerly belonged to the community between Jean Bives and his wife, and that the husband gave a power of attorney to his wife to sell them, and the sale by her under that power is the origin of Matilda Brown's title.   Upon rule taken to enforce compliance, the adjudicatee urged the nullity of the power of attorney under Art. 133, Rev. Civ. Code.

DE BLANC, J.   That article has no reference to the mandate from the husband to the wife empowering her to sell the common property. Married women may be appointed attorneys in fact.   Rev. Civ. Code, Arts. 3001, 1787.   If they can act as agents for strangers, there is no reason why they should not be selected as such by their husbands.

*Judgment affirmed.*